22 U.S. 483 (1824)
9 Wheat. 483
RIGGS
v.
TAYLOE.
Supreme Court of United States.
February 26, 1824.
March 16, 1824.
*484 This cause was argued by Mr. Key, for the plaintiff, and by Mr. Hay,[a] for the defendant.
Mr. Justice TODD delivered the opinion of the Court.
This was an action on the case brought by the plaintiff against the defendant in the Circuit Court of the District of Columbia, upon a contract in writing, entered into between the plaintiff and defendant, for the sale of bank stock of the Central Bank of Georgetown. At the time that this contract was entered into, each party had a counterpart of the contract, and the plaintiff alleging the loss of his, he gave notice to the defendant to produce, upon the trial, the one which he, the defendant, had; but the defendant declined producing it, stating that he had lost his also. In consequence of these losses, the plaintiff, upon the trial of the cause, offered to prove, by a person who was a witness to the contract, and had subscribed it as such, the contents of the contract, and to entitle himself to give this testimony, made the following affidavit: "The plaintiff in this cause makes oath, in relation to the memorandum *485 of agreement between the defendant and himself, relative to the stock in the declaration mentioned, that his impression is, that he tore up the same. after the transfer of the stock, believing that the statements upon which the contract had been made were correct, and that he would have no further use for the paper. He is not certain that he did tear it up, and does not recollect doing so, but such is his impression. If he did not tear it up, it has become lost or mislaid; and that he has searched for it among his papers repeatedly, and cannot find it." The defendant objected to this testimony, and insisted that no evidence ought to be given of the contents of the said contract. The Court sustained the objection; whereupon a verdict and judgment was given for the defendant. The plaintiff filed a bill of exceptions to the opinion of the Court, excluding the evidence aforesaid from going to the jury, and the cause is brought up to this Court by a writ of error.
The only question to be decided by this Court is, whether the Circuit Court erred in rejecting the said evidence.
Whether the plaintiff in the cause was a competent witness to prove the loss or destruction of the written agreement, referred to in the bill of exceptions, need not be inquired into, as it was not objected to in the Court below, and the question was waived by the defendant's counsel in this Court.
The admissibility of evidence of the loss of a deed or other written instrument, is addressed to the Court, and not to the jury.
*486 The general rule of evidence is, if a party intend to use a deed, or any other instrument, in evidence, he ought to produce the original, if he has it in his possession; but if the instrument is in the possession of the other party, who refuses to produce it, after a reasonable notice, or if the original is lost or destroyed, secondary evidence, which is the best that the nature of the case allows, will in that case be admitted. (Phillips on Evid. 399.) The party, after proving any of those circumstances, to account for the absence of the original, may read a counterpart, or, if there is no counterpart, an examined copy, or, if there should not be an examined copy, he may give parol evidence of the contents.
It is contended by the defendant's counsel, that the affidavit is defective, not being sufficiently certain or positive, as to the loss of the original writing. The affiant only states his impression that he tore it up; and if he did not tear it up, it has become lost or mislaid; that this is in the alternative, and not certain or positive. We do not concur in this reasoning. An impression is an image fixed in the mind, it is belief; and believing the paper in question was destroyed, has been deemed sufficient to let in the secondary evidence. (Phillips on Evid. 399. 7 East, 66. 8 East, 284.) The alternative alluded to is, "if he did not tear it up, it has become lost or mislaid." Now, if he tore it up, it was destroyed; if it was not destroyed, it was lost or mislaid; in either event, it was not in the power or possession of the affiant, which, we think, is sufficiently *487 certain and positive to let in the secondary evidence.
It is further contended, that it appears from the plaintiff's own showing, the destruction or loss of the writing was voluntary and by his default; in which case, he ought not to be permitted to prove its contents. It will be admitted, that where a writing has been voluntarily destroyed, with an intent to produce a wrong or injury to the opposite party, or for fraudulent purposes, or to create an excuse for its non-production, in such cases the secondary proof ought not to be received; but in cases where the destruction or loss (although voluntary) happens through mistake or accident, the party cannot be charged with default. In this case, the affiant states, that if he tore up the paper, it was from a belief that the statements upon which the contract had been made were correct, and that he would have no further use for the paper. In this he was mistaken. If a party should receive the amount of a promissory note in bills, and destroy the note, and it was presently discovered that the bills were forgeries, can it be said that the voluntary destruction of the note would prevent the introduction of evidence to prove the contents thereof; or, if a party should destroy one paper, believing it to be a different one, will this deprive him of his rights-growing out of the destroyed paper? We think not. Cases of voluntary destruction of papers, arising from mistake, as well as from accident, might be multiplied ad infinitum. In this case, the evidence offered was *488 that of the subscribing witness to the writing; it was the best evidence that the nature of the case admitted, which was in the possession or power of the party. This Court is, therefore, of opinion, the Circuit Court erred in refusing to let the said evidence go to the jury.
It was further contended by the defendant's counsel, that the declaration is radically defective, stating no cause of action whatever.
If there had been a single count only, in the declaration on the written contract, it might be necessary to go into an examination of this point; but as there is a count for money had and received, and money paid and advanced, which, if the evidence had been permitted to go to the jury, and they had found their verdict on this count, it would have been clearly good, we deem it immaterial to decide it.
Judgment reversed, and a venire facias de novo awarded.
NOTES
[a] He cited 2 M`Nally on Evid. 344. 1 Phill. on Evid. 167. 3 T.R. 51. 3 Dall. 415.