DETERMINED IN THE

# Supreme Court of Judicature,

OF THE

## STATE OF NEW JERSEY,

AT NOVEMBER TERM, 1824.

———— ✦ ————

### SIMEON BROADWELL v. JAMES STILES.

A person who voluntarily erases his name written on the back of a promissory note, will not be permitted to prove that the endorsement thus obliterated was not his genuine signature.

He who voluntarily, without mistake or accident, destroys primary evidence, thereby deprives himself of the production and use of secondary evidence.

———

This cause came before the Court on a writ of error to the Inferior Court of Common Pleas of the county of Morris, and was argued by *Miller* for the plaintiff in error, and by *Chetwood* for the defendant. Several errors were assigned and discussed at the bar, but so much only of the case will be here presented as to shew the ground on which the opinion of the Court was rendered.

The record sent up exhibited a judgment in a plea of trespass on the case, in favor of Stiles the plaintiff below, against Broadwell, on the general issue and payment, pleaded to a declaration containing counts in the usual form for goods,

&c., sold and delivered, money paid, laid out and expended, money lent and advanced, and money had and received. With the record were returned bills of exceptions, one of which was as follows—" The said cause came on to be tried on the pleadings therein filed, and thereupon one Henry I. Browne was sworn as a witness on the part of the plaintiff, and a certain paper being shewn him purporting to be a promissory note signed by Thomas Bulkley & Co. for $31 payable to the order of James Stiles, (pro ut the same,) he testified that the said note had been lodged by the said defendant Simeon Broadwell at the State Bank at Morris for collection, and that the said Simeon had received the money for the same. One Amzi Stiles was then called and sworn as a witness on the part of the plaintiff who testified that he had never seen the said note in the hands of the said Simeon Broadwell. He was then asked by the counsel for the plaintiff if he had seen the endorsement of the names of James Stiles and Simeon Broadwell on the said note before they were erased, (the said names being now entirely erased and blotted out) he answers that he had seen those endorsements before they were erased, in the possession of the said James Stiles. Whereupon the said James then present in Court acknowledged that he had himself erased the said endorsements—The plaintiff's counsel then offered to prove that Simeon Broadwell had written the name of James Stiles on the said note, and asked the said witness whether the signature of James Stiles endorsed on said note was his hand writing. The counsel for the defendant objected to the evidence inasmuch as the plaintiff had himself obliterated the hand writing so that it could not now be judged of; and the counsel for the plaintiff insisted that the evidence was competent to prove the said erased signature not to have been the genuine signature of James Stiles—and the said judges did then and there consider the said evidence competent, and permitted the witness to testify that he believed

Broadwell v. Stiles.

the said signature was not his father's hand writing—wherefore the counsel for the defendant prayed this their bill of exceptions," &c.

EWING, C. J. The evidence offered and objected to in the Court of Common Pleas was incompetent. Stiles having in his possession the note drawn in his favor by Bulkley & Co., the amount of which had been received by Broadwell at the Morris bank where he had lodged it for collection, voluntarily, without the pretence of accident or the excuse of mistake, obliterated and effaced his name which had been endorsed upon it—and then on the trial to enable him to recover the amount received by Broadwell, proposed to prove that the name he had thus erased was not genuine, but had been written there by Broadwell. He who voluntarily, without mistake or accident, destroys primary evidence thereby deprives himself of the production and use of secondary evidence. The best evidence is required—and if a party having such in his power voluntarily destroys it, the law knows no relaxation for him, whatever may be given to accident or misfortune. The fact of destruction excites suspicion and unfavorable presumption—Stiles having shewn the name to a witness who believed and so testified on the trial that the signature was not genuine, then entirely defaced it, and thereby effectually deprived Broadwell of the benefit of witnesses acquainted with the hand writing of Stiles who if they had seen and examined the name might perhaps have abundantly satisfied the jury that the witness of Stiles labored under a mistake. To admit of evidence under such circumstances is as repugnant to principle as to deny a party the cross examination of the witnesses of his adversary. *Riggs* v. *Taylor*, 9 *Wheaton*, 483. *Renner* v. *Bank of Columbia*, *ibid.*, 581.

Without expressing any opinion on the other errors assigned,

Let the judgment be reversed.