The bill is filed by certain legatees under the will of Lany Vandoren, deceased, to establish the *Page 402 
will, to the end that letters testamentary may be issued thereon.
The factum of the will, the competency of the testatrix, and the destruction of the instrument after the death of the testatrix, are clearly established. There is no suggestion that there was any revocation of the will. The only question is, whether there is
sufficient proof of the contents of the instrument. They are proved by the testimony of one witness alone, and that witness interested in the result. He is the residuary legatee under the will, and not only so, but the will was voluntarily destroyed by him. Upon this statement of facts, three distinct questions are presented for consideration.
 1. Is the witness competent ?
 2. Is he credible ?
 3. Can the will be established upon the testimony of one witness alone as to its contents ?
The interest of the witness in the event does not disqualify him. But the more important question is, whether a party who has voluntarily destroyed a will or other instrument, will be permitted to prove its contents by secondary evidence, either by his own testimony, or by the testimony of others. In considering this question, it is proper to regard the evidence as offered by the witness in his own behalf. For although the bill is filed in the name of other legatees, it is not denied that it is filed by the procurement of the residuary legatee, and that he is the principal legatee under the will.
The mere proof of the loss or destruction of an instrument does not, as a matter of course, let in the party to give secondary evidence of its contents. "He who voluntarily, without mistake or accident, destroys primary evidence, thereby deprives himself of the production and use of secondary evidence.". Broadwell v. Stiles, 3 Halst. R. 58.
If the destruction was accidental, or if it occurred without the agency or assent of the party offering it, secondary evidence is admissible. But if the instrument was voluntarily *Page 403 
destroyed by the party, secondary evidence of its contents will not be admitted, until it be shown that it was done under a mistake, and until every inference of a fraudulent design is repelled. Riggs v.Tayloe, 9 Wheaton 483; Renner v. Bank of Columbia, Ibid. 581;Blade v. Noland, 12 Wend. 173; Cow. Hill's notes to 1 Phil. Ev. 452, note 861, p. 1214.
The circumstances under which the will was destroyed are clearly proved. The property of the testatrix was derived from her father, Jacob Vandoren, who died in 1811. By his will he bequeathed a share of the residue of his estate to his daughter Lenah (the testatrix). And if she died without issue, he further bequeathed such part of her share as remained unexpended, to his surviving children. Her share had been paid over to her by the executors. On the 1st of April, 1824, she placed in the hands of John M. Wyckoff, as her agent and attorney, promissory notes amounting to $1250. On the 20th of January, 1853, she executed the will now sought to be established, and placed it in the hands of her attorney and agent. By the will she appointed Wyckoff the sole executor, and made him the residuary legatee. He retained possession of the will, and continued to act as the agent of the testatrix to the time of her death. She died in May, 1859, without issue. Immediately upon her death, this property was claimed by the executors of Jacob Vandoren, as a part of his estate, being bequeathed over to his other children in the event of his daughter's death without issue. If the witness himself read the will, he would naturally have concluded that such was its true meaning. The surrogate whom he consulted, so advised. Eminent counsel, upon whose judgment he would naturally rely, entertained and expressed that opinion. The true construction of the will was indeed a question of doubt and difficulty, and was settled by a decree of this court upon a bill filed for that purpose. That Wyckoff was firmly convinced that his testatrix had no right to dispose of the property, and that it reverted to the estate of her father, is *Page 404 
evinced by the fact that he did not offer the will of the testatrix for probate, but consented to give up the property to the executors of Jacob Vandoren. He was in fact only prevented from doing so, by a question that arose as to the amount for which he was responsible. While under this belief, and because, as he states, he deemed the will of Lany Vandoren useless and inoperative, he destroyed it. Its destruction is clearly proved, and that at the time of its destruction, Wyckoff stated that it had been decided that the testatrix had no right to make a will, and that it was good for nothing. It is proved past all controversy, that the will was destroyed by the witness under the honest belief that the testatrix had no right to dispose of the property, and that consequently the will was worthless. Nor is there any rational ground to infer any fraudulent purpose in the destruction of the will. The party by whom it was destroyed is the executor of the will, and the legatee of a large portion of the estate. He was not one of the next of kin of the testatrix, and could gain nothing by her intestacy. There is a suggestion in the testimony of one of the witnesses, that the will might have furnished some evidence of the amount of property in the hands of Wyckoff, and that this was the real motive of its destruction. The answer to this suggestion is, that the will of the testatrix could furnish no competent evidence of the amount of her property in the hands of her agent, he not being the scrivener; much less could a will, made in 1853, furnish any competent evidence of the amount of her property in 1859. A more decisive answer is, that when an adequate motive for the destruction of the will is assigned by the party, and clearly established by the evidence, the court will not, upon mere conjecture, impute an inadequate and dishonest motive.
Is the party a credible witness ? His character for veracity is unimpeached. There is nothing in his testimony, calculated to impair the confidence which the court may repose in the testimony of an unbiased witness. The circumstances under which the will was destroyed, are calculated *Page 405 
rather to strengthen than to shake confidence in his integrity. He was the confidential agent and attorney in fact of the testatrix, having in his hands the bulk of her property for more than thirty years. He is constituted her sole executor and residuary legatee. It is evident that the testatrix reposed entire confidence in his integrity of character. The court see no reason to suppose that her confidence was misplaced.
It is said in some of the older authorities, that if the will be lost,two witnesses, who are superior to all exception, who read the will, prove its existence after the testator's death, remember its contents, and depose to its tenor, are sufficient to establish it. 4 Burn's Eccl.Law 209; Toller on Executors 71.
But this statement does not define the limit of the rule even in the Ecclesiastical Court.
In Trevelyan v. Trevelyan, 1 Phill. 149, the will was established upon the testimony of one witness, and proof of what the testator said he had done.
In Davis v. Davis, 2 Addams, 223, one witness testified that the codicil, as near as she could recollect, for she read it but once, was in the following words (stating the bequest). "This she knows was the substance, though she will not undertake to swear that she has given the words correctly." Sir John Nicholl said, the tenor of the codicil is proved by the probability of the disposition, by the declaration of the testator, and by a witness who actually read it.
In Davis v. Sigourney, 8 Metc. 487, the fact that the contents of the will were attempted to be established by a single witness, was not suggested as a ground of objection. The will was rejected solely on the ground, that the recollection of the witness was not sufficiently definite as to the contents of the will.
In Dickey v. Malechi, 6 Missouri 177, it was expressly ruled, that the testimony of one witness is sufficient to prove the contents of the will.
The true rule is, that the will may be established uponsatisfactory *Page 406 
proof of the destruction of the instrument, and of its contents or substance. Whether the proof be by one witness, or by many, it must be clear, satisfactory, and convincing.
If the scrivener who drew the will, produce and prove a copy of the will, prepared and preserved by himself, there would be no hesitation in establishing it, though proof of its contents rest upon the testimony of a single witness. It is seen that the evidence of its contents is perfectly satisfactory. But where five witnesses are examined who do not concur as to the contents of the instrument, it will be rejected, though the witnesses may profess to speak with confidence. Rhodes v.Vinson, 9 Gill 169.
In this case the witness testifies with entire confidence and distinctness as to the contents of the will. He read the will two or three times immediately before its destruction, and the next day reduced its contents to writing. That draft he produced, and although he does not profess to recollect the words used, he is confident as to the substance of the will. The instrument is brief, and its provisions might readily be retained in his recollection. He was probably familiar with its contents. It was delivered to him on its execution, remained for years in his possession, and was not destroyed till several weeks after the death of the testatrix.
The tenor of the will as proved, is sustained by the probability of the disposition. The testatrix was a single woman, advanced in years, not living with her relatives, and having her entire business affairs in the hands of an agent. She gives legacies to two of her nieces, and to persons with whom she had lived, or who had befriended her, and the residue of the property to her friend and agent, upon whom she relied for the care of her money and the transaction of her business. As her means were limited, it was natural that she should desire to satisfy a claim upon her justice out of her property after her death, rather than during her life. The declarations of the testatrix, if entitled to any weight, are in accordance with the provisions of the will as proved. There is *Page 407 
nothing in the evidence offered, in the probabilities of the case, or in the character of the witness, or of his evidence, that will justify a doubt as to the credibility of the witness, or the accuracy of his testimony.
I have withheld a decision in this cause, not from any doubt as to the truth of this case, or because the evidence was in itself in any degree unsatisfactory, but because I entertained serious doubt whether, upon grounds of public policy, a will should ever be established by the testimony of a single witness, by whom the original will was destroyed, and who is interested in sustaining it. On this account the question has been considered as though the bill were filed by the witness himself, and he alone were interested in the result. In point of fact this bill is filed by other legatees. If they alone were interested the case is clear in their favor. If the witness took no interest under the will, not a doubt could be entertained of their right to recover. There is no ground upon which one part of the will can be established, and the residue rejected. The same evidence extends to all its provisions.
A decree will be made establishing the paper marked Exhibit A, as the will of Lany Vandoren, and setting aside the letters of administration issued on the application of the next of kin, as improvidently granted. The cost of establishing the will and of taking out letters of administration, must be paid out of the estate. The burden will justly fall upon the residuary legatee, by whose improvident act in destroying the will, the difficulty has been created and the costs occasioned.