IN THE MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, APPELLANT, TO ACQUIRE TITLE TO LANDS OF GERHARD LANG AND OTHERS, RESPONDENTS.

*Taking of land for railroad purposes — an order of the Special Term setting aside the report of commissioners is reviewable at the General Term — evidence — a witness cannot testify as to "his impression" of what was said.*

Under chapter 270 of 1854 an appeal lies to the General Term from an order of the Special Term, setting aside an award of commissioners appointed to appraise the damages occasioned by the taking of land for the purposes of a railroad, the order so appealed from having been made upon an appeal taken to the Special Term from the *pro forma* order of confirmation.

Upon the hearing before the commissioners a witness was called by the company to prove admissions made by the owner as to the value of his property. The

witness after stating that he was not certain in his own mind as to just what was said was allowed, against the defendants' objections and exceptions, to state "his impression" as to the amount stated.

*Held,* that this was error.

Appeal from an order made at the Erie Special Term setting aside an award of commissioners appointed under the railroad act, and directing a new hearing before different commissioners, to ascertain the damage, etc. The appeal was taken to the Special Term from the order confirming the report of the commissioners.

*Anson Wilcox,* for the appellant.

*Spencer Clinton,* for the respondents.

Hardin, J. :

Although, the Special Term heard the appeal taken to the Supreme Court from the order *pro forma* of confirmation of the report of the commissioners as it might (sec. 18 Genl. R. R. act, chap. 140 of 1850); we think an appeal from the order of the Special Term to the General Term is allowable, and that such right to invoke the action of the General Term, as a branch of the Supreme Court, has existed since the passage of chapter 270 of the Laws of 1854, relating to special proceedings. The weight of the authorities is found to favor such right of appeal to the General Term. The reasons are cogently stated by Davis, P. J., *In the Matter of the Kingsbridge Road* (4 Hun, 599), and the authorities relating to the question are referred to quite extensively. That case was affirmed by the Court of Appeals, as appears by the report thereof upon the opinion delivered in the Supreme Court. (62 N. Y., 645 ; see, also, *Rens. and Saratoga R. R. Co.* v. *Davis,* 43 id., 146, 147 ; *In re Coms. of Central Park,* 4 Lans., 471 ; *R. & G. V. R. Co.* v. *Beckwith,* 10 How., 169.)

In *Albany and Susquehanna Railroad Company* v. *Dayton* (10 Abb. [N. S.], 182) Mason, J., who delivered the opinion of the court, rested the right to appeal from an order of the Special Term, setting aside an appraisal, to the General Term upon chapter 270 of the Laws of 1854, in connection with section 18 of the general railroad act. That proceedings to condemn land are special proceedings, and therefore fall within the act of 1854, is settled by *Railroad Company* v. *Davis* (43 N. Y., 137) ; *New York Central Railroad Company*

v. *Marvin* (11 id., 276). In this case, decided in June, 1854, the act of 1854 was not adverted to and the regulation of appeals in this class of proceedings was discussed in the light of the provisions of the general railroad law, without any reference to or application of the act of 1854 to the case then in hand. That case is not an authority adverse to the cases already referred to, construing chapter 270 of the Laws of 1854. However, it is an authority for saying that appeals from an award are to be considered by the Supreme Court, and that in the exercise of supervisory power over the awards the court shall have a broad discretion, and that "it reviews questions of fact as well as of law." (Opinion, p. 278.) We conclude, therefore, that this court has jurisdiction to review the order involved in the appeal now before us.

During the hearing before the commissioners, the petitioner called one Sidway as a witness and sought to prove a conversation in which the owners or one of them admitted facts material upon the question of value of the property in question. Witness said: "I am uncertain in my own mind about it, and I would not wish to state here" what was said by the owners as to the value. Witness then said: "My impression is — there was an objection made that it was incompetent, etc.; the ruling was to hear the evidence, the presiding commissioner remarking "we will hear the evidence as I suggested; it would not have a great deal of weight with me; at the same time I think it is competent." * * * This was followed by the question: Q. "Give us your impression?" His answer was, viz.: "My impression is I thought the place could be sold for $30,000; that is my impression; and the reply he made to it was that he would be glad if he could get it." Petitioner's counsel put the following question, viz.: "Q. Didn't he say he would be glad if he could get less, and name a smaller sum?" A. "I couldn't say as to that; I am under the impression it was in that neighborhood; I couldn't say." We are urged to disregard the objections made, upon the ground that had the objection been made more specific the difficulty would have been obviated. We do not think so. The witness had stated that he was uncertain in his own mind and did not wish to state the conversation. He was then pressed with a question, and began to give his impression, and then the counsel promptly, in behalf of the landowners, objected, say-

ing, I object to that " on the ground it is incompetent," and also stated other grounds. Then follows the ruling we have quoted.

It then appears that the impression was taken in respect to the vital point of the conversation. We think the objection was sufficient, and that the Special Term was right in saying that the objection was improperly overruled. When a party has once raised a proper objection, and it has been overruled, " it need not be repeated to the same class of evidence," and counsel need not vex the court with a renewal of the objection every time the like class of evidence is offered; one error is as fatal as more, and it may be presumed the court will adhere to the rulings announced. (*Dilleber* v. *Ins. Co.*, 69 N. Y., 260.)

We have repeatedly held that when a witness states that he has no recollection or memory of a conversation or past event, it is error to allow him to be pressed into giving his impression. (*Bump* v. *Sumner*, Fourth Dept., June, 1879, followed in *Wilder* v. *Peabody*, 21 Hun, 376; *Swan* v. *People*, 13 Weekly Dig., 519; see, also, *Weber* v. *Kingsland*, 8 Bosw., 440, opinion of WOODRUFF, J.; *Smith* v. *Sergent*, 67 Barb, 243; *Riggs* v. *Taylor*, 9 Wheat., 483; *Butler* v. *Benson*, 1 Barb., 526; *Gutchess* v. *Gutchess*, 66 id., 483.)

So far as *Carr* v. *Breese* (81 N. Y., 592) bears upon the question, it is a support of the cases already cited. It is said that it was error to allow a witness to state that from a conversation alluded to he " understood " a certain fact. We agree with what is said in the opinion of the Special Term judge, in regard to the error committed by receiving the impression of the witness, as to what the conversation actually was which was inquired into. We think the case a proper one for ordering a new hearing, and that the broad discretion of the court was properly exercised. (*R. R.* v. *Marvin*, *supra*; sec. 18 of the Gen. R. R. law, chap. 140 of 1850; 2 R. S. [7th ed.], 1552.)

It was a matter of discretion in the Special Term, whether the new hearing should be had before the same or other commissioners. We are satisfied with the order in that regard, and find no occasion to give any other directions in regard to the new hearing.

The order should be affirmed, with costs against the appellant.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with costs.