HOBBS v. BEARD.

1. EVIDENCE—APPEAL RECORD.—Error cannot be imputed to the trial judge in excluding a letter from evidence as incompetent to prove the existence and contents of a lost deed, where the "Case" fails to furnish the letter or state its contents.
2. LOST DEED—JUDGE'S DISCRETION—APPEAL.—Whether a deed has been lost, so that secondary evidence may be introduced to prove its contents, is a question addressed to the discretion of the trial judge, and not ordinarily reviewable on appeal.

3. LOST DEED—RECORD—PROOF.—Where the trial judge is satisfied that a deed has been lost, that it was recorded and that the records had been destroyed by fire, he should admit the testimony of a witness who had read it on the records, to prove its existence and contents, if that is the best evidence attainable. Notice of such testimony is not a prerequisite to its introduction, as it is, under the statute, where a certified copy of the record is relied on.

4. THE DECLARATIONS OF A GRANTOR AFTER CONVEYANCE made and possession surrendered, as to the title of her grantee, is inadmissible against parties claiming under such grantee.

5. RECOVERY OF LAND—NONSUIT.—Where plaintiffs prove that an intestate was in possession of land for over twenty years, and that they are heirs at law of such intestate, they cannot be nonsuited in their action to recover this land, though claiming in their complaint as remaindermen under deed from this intestate. If this right has been defeated by defendant's possession for the necessary length of time, that is a matter to be shown in defence.

6. EXCEPTIONS to a charge not considered which would require an examination of the entire charge, where the case has to go back for a new trial on other grounds, nor where based upon objections not made on Circuit.

Before FRASER, J., Richland, April, 1894.

Action by Martha Hobbs and others against Frances Beard. The judge charged the jury as follows:

The rule is, the plaintiff must recover on the strength of his own title, not only in this case but in all cases. There has been a good many requests to charge submitted, but in the view I take of it, I propose to charge you generally, without saying anything about them; if I am in error, the error can be corrected as well that way as any other.

When you undertake to prove title to personal property—a horse, for instance—all that is necessary to do is to prove that the person had the horse in his possession; possession is evidence of title—one hour's possession. If I have a horse in my possession to-day, and somebody else is found in possession to-morrow, unless he can prove I never had possession, never had title to him, my possession would be evidence against him. Possession of personal property is *prima facie* evidence of title. Not so with reference to possession of land. In proving title to land, the first thing to do is to prove that the plaintiff has

some title in the estate. That is done in several ways; the first and most complete way is to produce the original grant, signed by the governor and secretary of State under the great seal of the State, and then connect this by a regular chain of title. This has not been done here. There is another mode just as good as that, and it is the one which is resorted to in the large number of cases which find their way to the courts, in consequence of the loss of original papers; that is, either to get a certified copy of that original grant from the secretary of State's office, or to prove that some person or a number of persons claiming one under another directly, one from another, had possession of that land for twenty consecutive years. When you do that, the presumption is there was a grant commencing at the beginning of possession; and if in this case it was shown to you that Mrs. Wolfe had twenty years' consecutive possession of that land, it is just as good as though she had produced on the stand the original grant from the secretary of State's office, and all you have got to do is to connect your possession with Mrs. Wolfe's.

There is another way. Sometimes they are unable to produce the original grant or a certified copy of the grant, or to prove twenty years' possession; in those cases, if they prove that both parties to the action claim under the same common person, then neither of them is permitted to deny that that person had a good title in the estate; that is what is called proving title by common source. In this case you have heard the testimony. You can prove title from a common source in a good many ways. Sometimes it is done by proving a deed. If there be a deed shown here from Mrs. Wolfe to James L. Beard for life, and the defendant in this case claims under James L. Beard, and these plaintiffs show that they were the heirs at law of Mrs. Wolfe, then no one can go behind that, and whoever has a good title from Mrs. Wolfe will prevail, provided it was filed (?) in time. In this case the plaintiffs were not allowed to introduce secondary evidence of some papers which they said they had, and which they proposed to claim under. I ruled that out. They claim, however, that they are heirs of Mrs. Wolfe. Well, that depends upon the proof.

Now as to the statute of limitations. If James L. Beard was in possession of that land, and admitted, while he was in possession, that he was only a life tenant, then it is an admission, in the absence of other proof, that he was a life tenant, holding under one who had a title in fee; and if it be true that he claimed under Mrs. Wolfe, or if it be true that Mrs. Wolfe had possession for twenty years, then it is an admission on the face of that paper that he was a life tenant under her; if he was, then ten years, or forty years, could not make out such adverse title as to make out a complete title against her heirs; therefore, while possession in James L. Beard may have been a very long one, yet if he held that possession in subordination to Mrs. Wolfe's title, then it was not adverse title, and it conferred no rights upon him, no matter how long. In that view of the case, the only question is, whether these parties have proved that they are heirs at law. You have heard the testimony of the witnesses. I cannot tell you. If there were six brothers and sisters, or children of deceased brothers and sisters, and only six of them, then those six were entitled to that property after her death; if only three are here, those are entitled each to one-sixth; if one is dead represented by three, then each is entitled to one-third of one-sixth.

The plaintiffs appealed on the following grounds: 1. Because his honor, the presiding judge, erred in ruling that the letter of James L. Beard, of date 20th June, 1887, was inadmissible to prove the existence and contents of the deed of Mary Anne Wolfe, conveying the premises in question to the said James L. Beard for life, with remainder to the children of Thomas Beard; whereas his honor should have ruled that the same was competent and admissible both to prove the existence and contents of the said deed. 2. Because his honor erred in refusing to allow the witness, H. G. Guerry, to testify that the said Wolfe deed was on record in the office of the register of mesne conveyances for Richland County; and his honor erred further in refusing to allow the said witness to testify to the contents of the said record, as secondary evidence of the contents of the said Wolfe deed, it appearing in the evidence that the said

records had been destroyed in 1865; whereas his honor should have held that, under the facts proved, the record of the said deed was admissible as evidence to prove both the existence and contents of the said deed. 3. Because his honor erred in ruling that the declarations of Mary Anne Wolfe were inadmissible as evidence to prove the existence and contents of the deed previously executed by her to James L. Beard, conveying the premises in dispute to the said James L. Beard for life, with remainder to the children of Thomas Beard; whereas his honor should have held that the said declarations were admissible as evidence in corroboration of other evidence, and in proof of the contents of the said deed.

The defendants appealed on the following grounds: I. Because his honor erred in not granting the nonsuit. *a.* Because there was a total failure of any evidence showing that plaintiffs were heirs at law of Mary Wolfe. *b.* Because the plaintiffs having brought their action as remaindermen, could not recover as heirs at law. II. Because his honor erred in refusing to charge the jury, "That if jury believe from the evidence that Jas. L. Beard was in possession of the lot in dispute, receiving rents and profits, and paying taxes for over twenty years, and his possession was open, notorious, and continuous, then, from the possession of twenty years, a grant or title would be presumed in J. L. Beard, and he would have a good title," and, on the contrary, charged the jury, "There has been a good many requests to charge submitted, but, in the view I take of it, I propose to charge you generally, without saying anything about them," &c., and refused said request. III. That his honor erred in refusing to charge the following request submitted by defendant: "That if the jury believe from the evidence that Jas. L. Beard occupied and possessed the land in dispute, using it and renting it for ten years before the death of Mrs. Wolfe, then, if he held ten years adversely in his own right, at the expiration thereof the title would vest in him and he would have a good title," but, on the contrary, his honor refused so to charge. IV. That his honor erred in refusing to charge the following request submitted by defend-

ant: "Even though the jury may believe that on the death of Mary Wolfe, the plaintiffs and Jas. L. Beard were her heirs at law, and entitled as such to the lot in dispute; yet, if they further believe that Jas. L. Beard took possession of said lot, received the rents, and exercised control over the same continuously, openly, and adversely, for the period of twenty years, then the law presumes an 'ouster,' or a title from plaintiffs to Beard." V. Because his honor erred in his charge to jury, in construing the deed of Jas. L. Beard to Frances Beard, to the effect that she took only a life estate, whereas he ought to have held said deed to be a deed in fee simple absolute. You are further notified, that the defendant will, in the argument of this cause, sustain the rulings of his honor as to the admissibility of the testimony of Guerry and Henry L. Beard, on the further ground that said testimony was incompetent under section 400 of Code.

*Messrs. Andrew Crawford* and *Melton & Melton,* for plaintiffs.

*Mr. John McMaster,* contra.

March 25, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The above entitled action was commenced on the 15th day of February, 1893, by Martha Hobbs, Henry Beard, and Samuel Beard, for the possession of the whole of certain premises situated in the city of Columbia. Before the trial of the cause, Samuel Beard died, and his heirs at law, Frank Beard, Eugene A. Beard, and Henry E. Beard, were, by an order of the court, substituted in his stead as coplaintiffs of the said Martha Hobbs and Henry Beard.

It is set forth in the complaint that the plaintiffs, as tenants in common, are seized in fee and entitled to the immediate possession of the said premises; that the defendant is in the possession thereof and withholds the same from them, notwithstanding demand made therefor. In addition to these facts, the manner in which the plaintiffs claimed to have derived title is set forth, in substance, as follows: That one Mary Anne Wolfe, being the common source of title of the plaintiffs and defendants, executed a deed whereby she conveyed the said

premises to one James L. Beard for life, with remainder, after his death, to the children of Thomas Beard, in fee simple, who should be alive at the falling in of the said life estate; that the said James L. Beard departed this life on or about the      day of January, 1893, and that the plaintiffs are the remaindermen under the said deed. The defendant, by her answer, interposed a general denial of all the allegations of the complaint, and pleaded title by presumption of time and the statute of limitations.

After introducing testimony to show the loss of the deed alleged to have been executed by Mary Anne Wolfe, conveying a life estate to James L. Beard, the plaintiff undertook to prove its existence and contents by the declaration of James L. Beard, contained in a letter alleged to have been written by him while in possession and control of the said premises; by the oral declarations of the said Mary Anne Wolfe, and by the evidence of the record of the deed in the office of the R. M. C. of Richland County, which record was destroyed by fire years ago.   This evidence was held to be incompetent by the presiding judge, whereupon the plaintiffs introduced testimony to show the following facts: That the possession of the said premises by Mary Anne Wolfe continued over a period of more than twenty years; that the possession of James L. Beard commenced immediately thereafter and was connected therewith; that James L. Beard made the admission, during the continuance of his possession of the said premises, in his deed thereof to Frances Beard, to the effect that he had only a life interest in the same; that the said deed of James L. Beard conveyed his life interest to Frances Beard, the defendant, and the possession of Frances Beard commenced immediately after and was connected with that of the said James L. Beard; the death of the said James L. Beard and of Mary Anne Wolfe, and that the plaintiffs are some of her heirs at law.

At the close of plaintiff's testimony the defendant made a motion for a nonsuit, which his honor refused.   It seems to be an undisputed fact that James L. Beard derived his title from Mary Anne Wolfe.   The defendant, to establish her title, introduced testimony of long possession in James L. Beard, con-

tinuing over forty years to the time of his death in 1893, and various acts of ownership during that time. His honor then charged the jury as will appear in the report of the case. The jury rendered the following verdict: "We find for the plaintiffs, Henry Beard and Martha Hobbs, each, one-sixth of the land in dispute; another one-sixth for Frank P. Beard, Henry E. Beard, and Eugene A. Beard, heirs at law of Samuel Beard, deceased." Judgment was entered up in accordance with the said verdict on the 1st day of May, 1894. The plaintiffs and defendant both appealed from said judgment, upon exceptions which will be set out in the report of the case.

We will now consider the plaintiffs' exceptions in regular order. 1st. In the case of *Sims* v. *Jones, ante,* 91, the court says: "Where the rulings of the Circuit Judge are brought in review before this court, two things must appear: (1) that the ruling to which exception was taken is erroneous; (2) that the appellant has suffered prejudice by such erroneous ruling." The letter mentioned in the first exception is not set out in the "Case;" and plaintiffs' attorneys, no doubt, realizing the difficulty under which the court would labor in undertaking to pass upon this exception without knowing the contents of the letter, have incorporated in their written argument before this court such parts of said letter as they supposed were material for our consideration. This court can not, however, consider any facts not appearing in the "Case." It is true, that in the argument upon Circuit plaintiffs' attorneys stated a part of the contents of such letter, but while not doubting for a moment the correctness of that statement, it can not be regarded as evidence in the case. This exception is, therefore, overruled.

2d. The second exception relates to the testimony as to the record of the deed. The witness, Henry G. Guerry, testified: "I had a conversation with James L. Beard about the property in dispute about the year 1852 or 1853, and he offered to sell me the premises. I then examined the records in the R. M. C. office Richland County, and found that the property was entailed." Upon objection being made to the witness testifying as to the records, his honor said: "I was inclined to allow secondary evidence on the showing submitted,

but I can not allow this witness to speak of what he saw in the books in the R. M. C. office. The only way a record of that court can come into this court at all is by the mode provided by law, which is that a notice so many days before hand shall be given to produce the paper, and in case of non-production, use the office copy. If that book itself were here to-day, it would be no evidence in regard to the contents of that deed; there must be a notice that you intend to introduce it, and you are confined to that notice. I have had books brought in and ruled out. If you can't prove by the books themselves, I don't see how you can prove it by a witness who saw that book." It will be observed that his honor did not reject the testimony because he was not satisfied with the showing made that the deed was lost. The loss of a paper is always a preliminary question addressed to the discretion of the presiding judge, and his ruling is not ordinarily the subject of review by this court. The presiding judge ruled the testimony incompetent on other grounds, however, that can be reviewed by this court.

As a general proposition, the rule announced by the presiding judge is correctly stated. This case falls under a different rule, because the record of the deed has been destroyed by fire. The offer of testimony was not intended as an attempt to comply with the requirements of the statute as the introduction of an office copy of the record, but as the best evidence, though secondary, of which the case in its nature was susceptible. If the presiding judge had ruled that the plaintiffs had it in their power to produce a higher degree of evidence than that offered, this being a preliminary question, could not have been considered on appeal, unless it appeared that the discretion of the presiding judge had been abused. No objection was made to the testimony on this ground, and it was not rejected by the Circuit Judge on such ground.

After proof of the loss of a deed, the next step is to prove its existence, then its contents. *State* v. *McCoy*, 2 Speer, 714. Section 818, Rev. Stat. (1893), provides that: "Before any deed or other instrument in writing can be recorded in this State, the execution thereof shall be first proved by the affidavit of a subscribing witness to said instrument, taken before some of-

ficer within this State competent to administer an oath." It thus appears, that before a deed can be recorded, its execution must have been proved in the solemn manner just stated. The fact, therefore, that the deed was recorded, after its execution had, necessarily, been proved as required by law, was evidence of the *existence* of the deed. *Culpepper* v. *Wheeler*, 2 McMull., 68.

We will now consider whether the testimony should have been received to prove the contents of the deed. The question as to the loss of the deed, or that the plaintiffs could have produced better testimony, is not before us. The sole question, then, for our consideration is, whether, under the circumstances of this case, the testimony was competent to prove the contents of the lost deed. In the case of *Hunter* v. *Glenn*, 1 Bail., 542, the court says: "In general, any fact or circumstance which leads the mind to the affirmative or negative of any given proposition, constitutes proof; but when it is certain, or even probable, that more conclusive or satisfactory evidence exists, and is in the power of the party to produce, the mind is not satisfied with slight and doubtful circumstances, and hence the rule that the best evidence of which the case is susceptible is always required. If a contract be in writing, and in the power of the party, that must be produced, because it is more certain than memory. For the same reason, it must be proved by the subscribing witness, if there be one. If there be none, then proof of the handwriting is the next best. If the party whose handwriting is required to be proved is not accustomed to write much, and it is for that cause impossible to prove it, other circumstances would be admissible; but for the reason before given, to let in inferior proof, the party offering it must show that no higher is in his power." See, also, *Riggs* v. *Tayloe*, 9 Wheat., 483; *Renner* v. *Bank of Columbia, Ibid.*, 581; *Winn* v. *Patterson*, 9 Peters, 663; Greenl. Evid., § 84, and note, and § 558. If his honor was satisfied that the deed was lost, and that the plaintiffs did not have it in their power to produce higher evidence than that offered by them as to the contents of the deed, then the testimony was competent, and the witness should have been allowed to testify what the record of the deed contained. This exception is sustained.

3d. It seems that the declarations of Mrs. Wolfe, mentioned in the third exception, were made after she had conveyed the land and surrendered possession. Her declarations were, therefore, inadmissible. *Renwick* v. *Renwick*, 9 Rich., 53; *McCord* v. *McCord*, 3 S. C., 577. The third exception is overruled.

We come now to a consideration of the defendant's exceptions. The first complains of error on the part of the Circuit Judge in refusing the motion for a nonsuit. The following appears in the "Case:" Mr. McMaster made a motion for nonsuit upon the ground 'that plaintiffs had failed to prove that any deed was ever in existence, and that they are not suing as heirs at law; if they are suing as heirs at law, the proper parties are not before the court; that the plaintiffs' whole case depends on the transfer of title, and defendant holds title and possession.' The Court: They have proved a long possession, over twenty years, by Mrs. Mary Anne Wolfe, and that these parties are some of the heirs at law. Mr. McMaster: They have proved that Mrs. Wolfe died in 1850. The Court: How long does this witness say that Mrs. Mary Anne Wolfe was in possession? Mr. Crawford: From twenty-five to fifty years. The Court: As I understand it, twenty years proves a grant from the State. I have, on motion of the defendant, ruled out every thing showing that Mrs. Wolfe ever made a deed; now we are faced with this proposition, that Mrs. Wolfe was in possession of that land, and is presumed to have title, a grant from the State by virtue of her twenty years' possession, and that these plaintiffs are her heirs at law. Any question of limitation in this matter of defence I cannot rule upon now. I refuse a nonsuit." This court is satisfied that the motion for a nonsuit was properly refused, and the first exception is, therefore, overruled.

In regard to the requests to charge mentioned in the other exceptions, the Circuit Judge said: "There have been a good many requests to charge submitted, but in the view I take of it, I propose to charge you generally, without saying any thing about them; if I am in error, the error can be corrected as well that way as any other." To determine

to what extent the presiding judge refused said requests would require a critical examination of the entire charge, which we think is unnecessary, as the case must be remanded for a new trial on another ground. The defendant's attorneys also gave notice that they would in the argument of the cause on appeal endeavor to sustain the rulings of his honor as to the admissibility of the testimony of Guerry and Henry L. Beard, on the further ground that said testimony was incompetent under section 400 of the Code. Waiving all objection as to the form of this notice, it is sufficient to say that no such objection was made on Circuit.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.