MARY CODDINGTON et al., complainants and respondents,

*v.*

AMELIA JENNER et al., defendants and appellants.

[Filed March 5th, 1900.]

On appeal from a decree advised by Vice-Chancellor Emery, whose opinion is reported in *12 Dick. Ch. Rep. 528.*

*Mr. Nelson Runyon* and *Mr. Craig A. Marsh,* for the appellants.

*Mr. John A. Freck* and *Mr. Richard V. Lindabury,* for the respondents.

PER CURIAM.

The decree in this case is affirmed, upon the grounds stated for advising it in the opinion of Vice-Chancellor Emery.

VAN SYCKEL, J. (dissenting).

The execution of the will alleged to be lost in this case was, according to the evidence on the part of the proponents, executed in the presence of the two subscribing witnesses only.

One of these witnesses did not know the testatrix.

The character of the other witness for truth and veracity is impeached.

It is debatable whether the testatrix executed a will in the presence of these witnesses, but circumstances appearing in the case may justify the conclusion that a will was executed by her a number of years ago.

The only evidence of the contents of the will now admitted to probate is the unsupported evidence of the impeached witness, who produced a memorandum of its contents, which he claims

he has preserved for all those years, although he was less careful about the will itself.

The will disposes of the property of the testatrix in a manner different from that in which it would go in case of intestacy. The fact that in the opinion of the court it may be a just and proper will cannot supply the lack of proof necessary to establish it.

In the absence of the requisite proof a will cannot be probated because it is deemed to be equitable in its disposition of property.

Conceding that a will was executed by the testatrix, to admit to probate the will in controversy upon the unsupported evidence of an impeached witness seems to me to be so clearly in disregard of the safeguards provided by the statute for the due execution of wills, that I am constrained to differ with the majority of the court, and vote to reverse.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, COLLINS, BOGERT, HENDRICKSON, NIXON, ADAMS, VREDENBURGH—12.

*For reversal*—VAN SYCKEL—1.