The petition of Frederick Schultz alleges that Alexander H. Schultz, his brother, late of Madison, Morris county, died February 28th, 1926; that he executed his last will and testament February 26th, 1924, of which a true copy was annexed, and in and by which he appointed the petitioner executor; that though diligent search and inquiry have been made for the original, it cannot be found and is apparently lost or destroyed without knowledge of the testator. The petition prays that this court may establish that the said Alexander H. Schultz did in his lifetime duly execute a last will and testament in the manner and form therein (and in said copy set forth), which has been lost, and that the same may be admitted to probate as the last will and testament of the said Alexander H. Schultz, deceased; and motion is now made that citation issue to the heirs-at-law and next of kin of the alleged testator, who are named and whose residences are set out in the petition.
The question at once occurs, has this court jurisdiction in the premises?
NOTE. — The chancellor has directed that the opinion in this case, inadvertently omitted from the equity reports at the time it was filed in 1926, be now printed among the prerogative opinions in this volume of reports. — Rep. *Page 15 
In re Cassidy's Will, 80 N.J. Eq. 163, Chancellor Pitney, sitting as ordinary, held that our Orphans Court act of 1898, p.75, § 2 (Comp. Stat. p. 3813), declares that the orphans court shall have full power and authority to determine all controversies respecting the existence of wills, and has power to inquire whether a writing executed as a will, and that was in existence unrevoked at the time of the testator's death, has been since lost or dstroyed, and, if so, to prove the contents thereof, and observed that it seemed to him that this grant of power fairly includes the power to inquire whether a paper-writing that was executed as a will, and that was in existence unrevoked at the time of testator's death, has been since lost or destroyed, and if so, to prove the contents thereof. The very same provision is to be found in our first Orphans Court act, approved December 16th, 1784 (P.L. 1784 p.135; Pat. Laws of N.J. p. 60 § 7), and has persisted ever since. And In re Coursen's Will, 4 N.J. Eq. 408, it was held that the original jurisdiction of the ordinary over the probate of wills and the granting of letters of administration is general and full and not limited and special. See, also, In re Walker,95 N.J. Eq. 619 (at p. 630).
In 3 Alexander's Com. on Wills p. 2011, it is laid down that in the absence of statute some decisions hold the probate of lost or destroyed wills to be of equitable cognizance and relief must be sought in the court of chancery. The weight of authority, however, appears to be that the grant of general probate jurisdiction includes authority over such probate. And in 40Cyc. 1237, it is stated that a lost will may be established in the court having probate jurisdiction.
In Buchanan v. Matlock, 27 Tenn. 390, it was held that a will which has been lost, or destroyed by accident, or suppressed by fraud, may be set up in the court of chancery; and while the court was by no means satisfied that the court of chancery in England could give relief in such case, yet they were not prepared to say that it could not; that it was decided by Lord Hardwicke in Tupper v. Phipps, 3 Atkyns 360, that if a will be lost or concealed by the executor, if it be proven plainly, the legatee may go to the court of equity *Page 16 
for a decree upon the head of spoliation or suppression; and the Tennessee court concluded (at p. 400), that in any case where a will has been lost or destroyed or spoliated, either by accident or fraud, that it can be set up in a court of chancery of that state.
Jurisdiction of our court of chancery to establish and set up a lost or spoliated will has been asserted and frequently applied. And in none of these cases was the question of jurisdiction raised or suggested. See Bailey v. Stiles, 2 N.J. Eq. 220;Wyckoff v. Wyckoff, 16 N.J. Eq. 401; Coddington v. Jenner,57 N.J. Eq. 528; affirmed, 60 N.J. Eq. 447; Campbell v. Smullen,96 N.J. Eq. 724; affirmed, Ibid. 733. Cases can be found in the English probate reports in which lost or spoliated wills have been established. The latest orphans court decision establishing a lost will is In re Dougherty, 3 N.J. Mis. R. 578; affirmed inthis court, Idem.
By the commission and explanatory instructions given to Lord Cornbury, the first royal governor, all the ecclesiastical jurisdiction of the province relating to the probate of wills was reserved to the governor. For over one hundred and forty years the governor or ordinary had been the only judge of probate known to the constitution of New Jersey. In re Walker, 95 N.J. Eq. 619
(at p. 620).
Thus it appears that the ordinary and judge of the prerogative court of this state has, and always has had, jurisdiction to establish lost wills. The jurisdiction of the court of chancery is concurrent with that of the prerogative court, which, in turn, is concurrent with that of the orphans courts, which latter rests upon statute passed prior to the adoption of the constitution of 1844, and is, therefore, valid, as it did not, when enacted in 1784, invade any constitutional power or authority of any other court. The court of errors and appeals being the only one which in express terms was made indestructible by legislation under the constitution of 1776. Traphagen v. Township of West Hoboken,39 N.J. Law 232 (at p. 235); affirmed, 40 N.J. Law 193. And thus it appears that three courts in this state have concurrent jurisdiction *Page 17 
to establish and set up lost or spoliated wills, namely, the court of chancery, the prerogative court and the orphans courts.
This court having jurisdiction in the premises mentioned in the petition, citations will be issued to the heirs-at-law and next of kin of the decedent, warning them of the application for the probate of the last will and testament of Alexander H. Schultz, deceased, which is alleged to have been lost or destroyed.